IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 CASE NO. 1:04-cr-00006-MP-AK-9

TIMOTHY WIMS,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 877, the Report and Recommendation of the Magistrate Judge, recommending that Doc. 734, a motion under 28 U.S.C. § 2255, be denied. The plaintiff filed objections, Doc. 892, and the Court has made a de novo determination of those portions of the Report and Recommendation to which objection was made. 28 U.S.C. § 636(b)(1)(C). Upon consideration, the Court accepts the Report and Recommendation and rejects each of the 14 claims raised in the motion.

First, Defendant contends that the Government breached the plea agreement by recommending a specific sentence. The Court agrees that the plea agreement specifically allowed the government to advise the District Court of its version of the circumstances surrounding the commission of the offenses and to present evidence and make argument pertaining to the application of the sentencing guidelines. Thus, the government's statements were not in breach of the agreement. Second, Defendant's argument that his plea was not voluntary because he expected the Court to make a finding as to drug amount at sentencing is frivolous, because the judge adopted the unobjected-to PSR and it contained specific drug

quantities. Third, he has already been evaluated for possible reduction based on amendments to the Guidelines at Doc. 794. Fourth, the Court did, in fact, consider Mr. Wims statements regarding childhood abuse during his sentencing. Thus, his ineffectiveness claim involving that consideration is meritless. Fifth, the government did, in fact, file the information necessary to enhance his sentence, at Doc. 216. Thus, it was proper for the Court to enhance his sentence based on prior convictions. Sixth and Seventh, since he was sentenced below the statutory maximum, and because the Court indicated that the Guidelines were considered advisory, neither his Apprendi nor Booker claims have any merit. Eighth, counsel was not ineffective for asking that the defendant be sentenced at the bottom of the applicable guidelines range (360 months.) While imposing sentence, the Court recognized that it could depart from the Guidelines and considered all the circumstances of the offense and history of Mr. Wims. There is no probability the Court would have imposed a different sentence if counsel had worded the request any differently. Ninth, whether or not defendant was informed that a person who pleads guilty might face deportation, this would have no effect on his willingness to plead, as he is a United States Citizen. Tenth, Defendant has not shown that the drug amounts in his PSR, that he did not object to, are incorrect. Thus, any Apprendi error would be harmless. Eleventh, defendant is wrong to claim that his prior felony conviction do not qualify him as a career offender. Each conviction relied upon fit the criteria of U.S.S.G. § 4B1.1. Twelfth, Mr. Wims' Jones claims are frivolous because the Court specifically asked Defendant's counsel if he had any objections to matters that transpired at the sentencing hearing, or whether there were any other motions or objections outstanding that had not been addressed. Finally, the remaining ineffective assistance of trial and appellate counsel claims are each based on the above arguments. Since each of the

above arguments are meritless, the failure to raise them by counsel cannot be ineffective assistance of counsel.

For the above reasons, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 877, is accepted and incorporated herein.

2. The motion under 28 U.S.C. § 2255, Doc. 734, is denied.

**DONE AND ORDERED** this *21st* day of October, 2011

> *s/Maurice M. Paul*
> Maurice M. Paul, Senior District Judge